UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEVERLY WEYERS and HERBERT WEYERS, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> TRAVELERS PERSONAL INSURANCE CO., ) <br> ) <br> Defendant. ) | Case No. 14-cv-5070 <br><br> Judge John W. Darrah |

# **MEMORANDUM OPINION AND ORDER**

Plaintiffs, Beverly Weyers and Herbert Weyers, filed a Complaint, alleging breach of contract and unreasonable and vexatious action or delay against Defendant, Travelers Personal Insurance Company ("Travelers"). Defendant now moves for summary judgment of Plaintiffs' claims based on its affirmative defense that Plaintiffs' suit is time-barred. For the reasons set forth below, the Motion is granted.

## **LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Local Rule 56.1(b)(3)(C) permits the nonmovant to submit "any additional facts that require the denial of summary judgment. . . ." To overcome summary judgment, "the nonmoving party must file a response to each numbered paragraph in the moving party's statement." *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement,

the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.* A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005).

Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). If the responding party fails to comply with Rule 56.1, its "additional facts may be ignored, and the properly supported facts asserted in the moving party's submission are deemed admitted." *Gbur v. City of Harvey, Illinois*, 835 F. Supp. 2d 600, 666 (N.D. Ill. 2011). Substantial compliance is not enough; parties must strictly comply with the rule. *See Ammons*, 368 F.3d at 817.

## BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Plaintiffs are residents of Kane County, Illinois. (Dkt. 7 ¶ 1.) Travelers is a Connecticut corporation with its principal place of business in Connecticut and is authorized to write homeowner's insurance in the State of Illinois. (Dkt. 1, 7.) On or about May 31, 2004, Plaintiffs' property at 1108 Forest Drive in Elgin, Illinois, was damaged by falling trees. At the

2

time of the occurrence, Plaintiffs' property was insured under insurance policy no. 976586127 633 1 ("Policy") issued by Travelers and in effect from March 28, 2004 to March 28, 2005. (Dkt. 1, 29.) Travelers investigated the loss and determined that the cost to repair or replace the covered damages to Plaintiffs' property was $98,395.45. Travelers determined that the actual cash value of the damage after deduction for depreciation was $85,085.27. Travelers issued two payments to Plaintiffs (one on or about March 2005 and one on or about August 30, 2005) in the amounts of $47,785.73 and $41,799.54. The total payment to Plaintiffs at that time was $89,585.27. (Dkt. 37.) This represented Travelers' determination of the actual cash value of the damage to Plaintiffs' dwelling, plus an additional $5,000 for mold-related damages, less a $500 deductible[1]. (Dkt. 29.)

The Policy's provisions limit Plaintiffs' recovery to the actual cash value of the loss and damage to their property unless and until actual repair or replacement is complete. Even where repair or replacement is complete, the Policy limits an insured's recovery to no more than "the amount actually and necessarily spent to repair or replace the damaged building." (*Id*.) On June 8, 2006, Travelers informed Plaintiffs that no further payments would be made because Travelers had paid Plaintiffs more than they had spent on repairs. (*Id*.) Around this time, Plaintiffs filed a lawsuit, alleging negligence resulting in personal injury against Travelers, the insurance agent that sold Plaintiffs the Policy, and a contractor that performed work at the property following the incident on May 31, 2004. The suit was voluntarily dismissed on June 28, 2007. Plaintiffs also filed a complaint against Travelers with the Illinois Department of Financial and Professional Regulation, Division of Insurance ("IDFPR"). (*Id*.) In July 2009, the

---

[1] Plaintiffs dispute the amount of actual cash value of the damage to Plaintiffs' dwelling.

IDFPR informed Plaintiffs that it appeared that Travelers was working properly to resolve their claim. In Spring of 2010, after Plaintiffs completed the covered repairs, Travelers offered to pay them $15,044.91, which represented the withheld depreciation and amount payable for code upgrade coverage. This offer was rejected by Plaintiffs. (*Id.*)

In June 2010, Plaintiffs also sent a letter to the Office of the Illinois Attorney General, complaining about Travelers' handling of their claim. On October 25, 2010, Plaintiffs sent a debt collection letter to Travelers, demanding $200,000 by November 4, 2010. (*Id.*) On May 20, 2014, Plaintiffs filed this lawsuit against Travelers in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois. Travelers subsequently removed this action to federal court.

## LEGAL STANDARD

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issues as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party is responsible for informing the court of what in the record or affidavits demonstrates the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the nonmoving party. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999).

## ANALYSIS

Travelers argues that Plaintiffs are not entitled to relief because they failed to comply with the suit limitation provision of the Policy. The relevant portion of the Policy states:

4

> **8. Suit Against Us.** No Action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage.
>
> However, this one year period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part.

(Dkt. 7.) It is undisputed that the occurrence causing the loss or damage to Plaintiffs' property took place on May 31, 2004. It is also undisputed that Plaintiffs filed this suit against Travelers on May 30, 2014. However, Plaintiffs argue that Travelers engaged in a pattern of bad faith actions that constitute a waiver or estoppel[2] and that the suit limitation provision was tolled in accordance with Section 143.1 of the Illinois Insurance Code[3].

*Tolling of the Suit Limitation Provision*

In support of their argument, Plaintiffs cite to Section 143.1 of the Illinois Insurance Code, which states, in relevant part:

> Whenever any policy or contract or insurance . . . contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part.

215 ILCS 5/143.1. The proof of loss filed by the insured must be in the form required by the policy. *Koclanakis v. Merrimack Mut. Fire Ins. Co.*, 899 F.2d 673, 675 (7th Cir. 1990). Illinois law recognizes the validity of reasonable contractual limitations on the time to file suit. *Id.* "An

---

[2] In their Response, Plaintiffs do not distinguish clearly between which allegations support their estoppel and waiver arguments.

[3] Plaintiffs note that they filed suit within the ten-year Illinois statute of limitations for actions on written contracts. However, the ten-year statute of limitations is applicable to actions by insureds against their insurers "[i]n the absence of specific and clear provisions limiting the period within which suits must be filed". *Country Preferred Ins. Co. v. Whitehead*, 979 N.E.2d 35, 43.

insurance contract may validly restrict the time in which an insured party may file suit under the policy. Failure to file a lawsuit within the time prescribed by an insurance policy's limitations period may bar relief to the insured party." *Amber Grove Homeowners Ass'n v. QBE Ins. Corp.,* No. 12 C 9142, 2013 WL 1679425, at *3 (N.D. Ill. Apr. 17, 2013), *appeal dismissed* (Oct. 21, 2013).

Travelers contends that Section 143.1 does not apply because Plaintiffs failed to submit a signed, sworn statement of loss in the form required by the Policy. Plaintiffs admit that they did not submit a signed, sworn statement of loss but contend that they did submit "proof of loss" in the form of receipts, estimates, and photos. Section 143.1 requires that "the insured do more than merely present equivalent information to that requested in the insurance policy." *Koclanakis*, 899 F.2d at 675 (7th Cir. 1990). The fact that the insurer never requested proof of loss "is irrelevant to the form which the proof is to take." *Trinity Bible Baptist Church v. Fed. Kemper Ins. Co.,* 219 Ill. App. 3d 156, 159-160 (5th Dist. 1991). It is undisputed that Plaintiffs did not submit proof of loss in the form required by the Policy, thus, Section 143.1 does not apply. Even if the documentation Plaintiffs submitted was sufficient and the limitations period was tolled accordingly, this suit would still be untimely. Plaintiffs' last written communication with Travelers regarding Travelers' position on Plaintiffs' claim was on June 12, 2009, and this suit was filed in 2014.

*Waiver or Estoppel*

As noted above, Plaintiffs do not dispute that they failed to bring this suit within the one year period required by the suit limitation provision in the policy. Plaintiffs instead argue that

6

there is a dispute of material fact as to whether Travelers' actions in handling their claim waived the provision or estopped them from asserting the provision as an affirmative defense.

Under Illinois law, an estoppel against an insurer may lie "[w]here an adversary lulls an opponent into a 'false sense of security' that a claim may be settled without resort to litigation." *Koclanakis,* 899 F.2d at 676 (citing *Beynon Bldg. Corp. v. National Guardian Life Ins. Co.,* 455 N.E.2d 246, 252 (1983)). If the insurer's conduct did not go "beyond mere investigation and negotiation," the estoppel argument fails as a matter of law. *Id.* (citing *D'Urso v. Wildheim,* 347 N.E.2d 463, 466 (1976)). "[I]t is not necessary that the insurer intentionally mislead or deceive the insured, or even intend by its conduct to induce delay; rather, all that is necessary is that the insured reasonably relies on the insurer's conduct in foregoing filing a suit." *Burress–Taylor v. Am. Sec. Ins. Co.,* 980 N.E.2d 679, 687 (Ill.App.Ct. Oct. 26, 2012); *Felsenthal v. Travelers Prop. Cas. Ins. Co.,* No. 12 C 7402, 2013 WL 469475, at *2 (N.D. Ill. Feb. 7, 2013).

Plaintiffs allege that Travelers engaged in a "continuing course of insurance company conduct and non-response" that led to Plaintiffs filing suit after the limitation period. Plaintiffs further allege that Travelers did not affirm or deny coverage within a reasonable period of time after notice of the claim. The exhibits attached to Plaintiffs' Response indicate that the parties were engaged in negotiations regarding Plaintiffs' claim until, at the latest, 2009. From that date forward, there is no evidence that Travelers intended to change its position regarding what damage was covered by the Policy and what damage was not. Plaintiffs do not provide any support for their argument that their claim was not affirmed or denied within a "reasonable period of time" or that Plaintiffs relied on Travelers' actions in foregoing filing a suit. Travelers' last communication with Plaintiffs, verbal or written, regarding this claim was in 2010.

Plaintiffs' debt collection letter specifically stated that they intended to file suit against Travelers, but they did not file this claim until almost four years later. Even when viewing all inferences in the light most favorable to Plaintiffs, this suit was filed several years after the end of the limitations period. Plaintiffs provide no arguments or evidence in support of their claim that Travelers' actions went "beyond mere investigation and negotiation" or that they were dissuaded from filing suit by relying on Travelers' statements, payments, or other conduct.

Plaintiffs' argument that Travelers waived the suit limitation provision also fails. In Illinois, waiver is a "voluntary and intentional relinquishment of a known right." *PPM Finance, Inc. v. Norandal USA, Inc.,* 392 F.3d 889, 895 (7th Cir. 2004). In all of their dealings with Plaintiffs, Travelers expressly reserved its right to assert the Policy's suit limitation provision in defense of any suit filed by Plaintiffs. Plaintiffs admit this fact in their letter to the Office of the Illinois Attorney General, noting that Travelers had been "mindful of the statute of limitations." (Dkt. 29 ¶¶ 10, 11, 15; Dkt. 29 Exh. K.) Further, Plaintiffs do not point to any action or statement made by Travelers that led them to believe that Travelers would extend the time for filing suit. Thus, Plaintiffs fail to show that there is a material issue of genuine fact as to whether Travelers waived the suit limitation provision or are estopped from asserting it.

## CONCLUSION

For the reasons discussed above, Defendant's Motion for Summary Judgment [28] is granted.

Date:  December 8, 2015

JOHN W. DARRAH
United States District Court Judge